## COCKRELL BROTHERS V. B. E. WOOD.

### FILED APRIL 21, 1897.   No. 7213.

Sale: ACTION FOR PURCHASE PRICE: PLEADING AND PROOF.  A verdict and judgment on a petition, by which it was sought to recover the unpaid purchase price of personal property, are not sustained by proof that while in fact such payment had actually been made, yet that by false representations the defendant had induced the plaintiff to pay the defendant an amount equal to the amount of such purchase price.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Reversed.*

*John P. Maule,* for plaintiffs in error.

*S. L. Geisthardt, contra.*

RYAN, C.

There was rendered a judgment in this case in the district court of Lancaster county for the amount prayed in the petition of B. E. Wood.   The averments of this petition were as follows: "The plaintiff complains and for cause of action alleges that heretofore, to-wit, on April 15, 1892, the plaintiff sold to defendants and shipped to the city of Burlington, Iowa, at their request, one car-load of corn, for which the defendants agreed to pay plaintiff the sum of thirty-six cents per bushel of thirty-six pounds, if said corn should grade number three, and at the market rate of discount if said corn should prove of a lower grade, less·the freight from the town of Eustis, Nebraska, to Burlington, Iowa; that said corn was duly received at Burlington and the amount thereof was 56,200 pounds, and the market rate of discount on the same was one and one-half cents per bushel; that the freight on the same to Burlington was $112; that said defendants duly accepted said corn, but that they have at all times wholly neglected and refused to pay for the

same as agreed, though often demanded, and there is now due to the plaintiff from the defendants the sum of $240, for which, with interest from April 15, 1892, and costs, plaintiff prays judgment." The answer was a general denial of all the averments of the petition.

By the terms of the agreement for the purchase of the corn, Mr. Wood was required to bill the car containing it to his own order at Burlington, Iowa, and notify J. F. Harris & Co., a corporation doing business as a grain dealer at the city last named. In his testimony Mr. Wood admitted that owing to the fact that he was then unacquainted with the business and terms connected therewith he billed the car directly to J. F. Harris & Co. As directed, however, he drew on Cockrell Bros. for the net value of the corn. The draft, with the bill of lading attached, was sent through the Farmers State Bank at Eustis for collection. The draft was payable to that bank, and for its amount Mr. Wood received a credit, of which he still has the benefit. Cockrell Bros., to evidence the fact that they had sold the corn, delivered to J. B. Christian & Co., of Omaha, the aforesaid bill of lading. Mr. J. B. Christian testified that the firm of which he was a member was then having some trouble with J. F. Harris & Co., and that Mr. Johnson, the vice president of the Citizens Bank at Omaha, was in the office when this draft for this particular corn came in, and took the bill of lading and drew on J. F. Harris & Co. for the amount named in the bill of lading, on account of J. B. Christian & Co. To this draft J. B. Christian signed the name of J. B. Christian & Co., and the Citizens Bank, the payee, forwarded it, with the bill of lading attached, for collection from the drawee, J. F. Harris & Co. It appears from testimony of J. F. Harris that the firm of J. F. Harris & Co. had received notice that a car of corn had been shipped to that firm, and that without the bill of lading being required the railroad company had delivered this car to the consignee. When the draft on J. F. Harris & Co., with the bill of lading attached, was presented to

J. F. Harris & Co., that firm refused to honor the draft, because J. B. Christian & Co. was already indebted to Harris & Co. in the full amount of such draft. Neither of the Cockrells testified, and we are not advised just why the Cockrells did not pay the draft drawn on them by Wood until after the dishonored draft of J. B. Christian & Co. had been returned from Burlington to the Citizens Bank at Omaha. On April 26, 1892, at any rate, Mr. Wood wrote Cockrell Bros. that the draft drawn by him on that firm had not been paid as the Citizens Bank had notified him, and he requested Cockrell Bros. to pay it. The firm of Cockrell Bros., on April 27, 1892, from Omaha, wrote Mr. Woods as follows: "Yours of the 26th recd. Your shipt. was all O. K., but you did not bill as directed. Your order was to bill the same shipper's order. Notify J. F. Harris & Co., Burlington, Iowa, and draw on us with B. L. to draft; but you billed the corn direct to J. F. Harris & Co., Burlington, and in that case you should have drawn on them instead of us. We have paid your draft to the Citizens Bank and they have delvr. us the B. L., and we have made a draft on you for the amount of $240 with B. L. attached. You can pay Dr. and sell your corn to J. F. Harris & Co. and make draft on them, and you can sell your corn now for about 38 cts. We will not hold you to your sale."

Mr. Wood testified that as a matter of business integrity he paid this draft. From this involved statement it will be profitable, perhaps, to single out the facts which bear upon the merits of this suit. In the first place, Wood drew on Cockrell Bros. for the value of the corn. This draft Cockrell Bros. paid to the Citizens Bank at Omaha, where it had been sent for collection. The transaction ends here so far as there is involved the rights of the parties with reference to the sale of the corn. By various representations, Cockrell Bros. afterwards induced Wood to pay back to that firm the amount previously paid to take up the draft drawn against the shipment of corn. The payment of the draft drawn by Cock-

rell Bros. on Wood may have been procured by false rep-
resentations that, by reason of being repossessed of the
bill of lading, Wood had it in his power to sell the corn
to J. F. Harris & Co. and so reimburse himself the said
amount which had been paid by him to Cockrell Bros.
upon the demand of that firm. It is easy to imagine how
these circumstances might be so connected with others,
which need not be stated, that a cause of action would
be shown in favor of Wood against Cockrell Bros. But
this was not the cause of action that was stated. Plaint-
iff claimed simply the right to recover the value of a cer-
tain shipment of corn, which, by his own statement, he
showed to have already been paid. It is true he was
afterwards induced to part with his money, but that did
not entitle him a second time to collect the contract price
of the corn as such. The proofs did not entitle plaintiff
to a verdict in the district court, for they were not rele-
vant to the averments of the petition. The judgment is
therefore reversed and this case is remanded to the dis-
trict court, with directions to permit an amendment of the
petition, if Mr. Wood so elects, and, in that event, for
subsequent proceedings in accordance with the views
above expressed.

REVERSED AND REMANDED.